```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WISCONSIN
```

DERRICK WATKINS,

        Plaintiff,

        v.                                  Case No. 22-cv-1190-bhl

MILWAUKEE COUNTY JAIL,
DEPUTY WHEELER, and
LT. SPIDELL,

        Defendants.

# SCREENING ORDER

    Plaintiff Derrick Watkins, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was a pretrial detainee at the Milwaukee County Jail. This matter comes before the Court on Watkins' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Watkins has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). After requesting a brief extension of time, Watkins filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). The Court assessed an initial partial filing fee of $10.24, which Watkins paid on December 13, 2022. The Court will grant Watkins' motion for an extension of time to file his trust account statement and his motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Watkins asserts that while he was incarcerated at the Milwaukee County Jail, he became angry that his legal materials had been destroyed. He explains that, although he was breathing hard, he was shackled and therefore posed no danger to anyone. Nevertheless, according to Watkins, Defendant Deputy Wheeler tased him twice at the direction of Lt. Spidell. Watkins states that he fell backwards and hit his head. He continues to have neck and back pain as a result.

## THE COURT'S ANALYSIS

Because Watkins was a pretrial detainee at the time of this incident, his claim is analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted).

Watkins states a Fourteenth Amendment claim against Spidell and Wheeler based on his assertions that it was objectively unreasonable for Spidell to direct Wheeler to tase him and that it was objectively unreasonable for Wheeler to tase him given that Watkins was shackled and posed no danger to anyone. Watkins does not, however, state a claim against the Milwaukee County Jail. Under Wisconsin law, the Milwaukee County Jail "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. *Whiting v. Marathon Cty. Sherriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

**IT IS THEREFORE ORDERED** that Watkins' motion for an extension of time to file his trust account statement (Dkt. No. 7) and his motion for leave to proceed *in forma pauperis* (Dkt. No. 2) are **GRANTED**.

**IT IS FURTHER ORDERED** that Milwaukee County Jail is **DISMISSED** because it is not subject to suit under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Watkins' complaint and this order are being electronically sent today to Milwaukee County for service on Deputy Wheeler and Lt. Spidell.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Deputy Wheeler and Lt. Spidell shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Watkins is located.

**IT IS FURTHER ORDERED** that the agency having custody of Watkins shall collect from his institution trust account the $339.76 balance of the filing fee by collecting monthly payments from Watkins' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Watkins is transferred to another institution, the transferring institution shall forward a copy of this Order along with Watkins' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Watkins is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on December 27, 2022.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge